**NOT FOR PUBLICATION**

FILED

JAN 05 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                Case No. 11-19985-A-7
                                     DC No. BMO-1
DANIEL LOPEZ

             Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY FILED BY KERN FEDERAL CREDIT UNION

A final hearing on the motion for relief from the automatic stay by Kern Federal Credit Union ("Kern") with respect to a 2004 Infinity vehicle was held November 29, 2011.  Following argument, the court took the matter under submission.  This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.  This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(G).

Daniel Lopez filed his chapter 7 petition on September 2, 2011.  The meeting of creditors in the case was scheduled for October 31, 2011.  It was continued to November 28, 2011.  The debtor failed to appear at the meeting on November 28, 2011, and the chapter 7 trustee has now moved to dismiss the case.

Under Bankruptcy Code § 521(a)(6), the automatic stay is lifted if the debtor does not reaffirm within 45 days after the

first meeting of creditors is concluded. Because the first meeting has not been concluded, the stay still is in place.

The motion asserts that on or about October 24, 2006, Lopez and his non-filing wife purchased a 2004 Infinity vehicle pursuant to an Open-End Disbursement Receipt Plus (the "Agreement") and that the vehicle purchase was financed by Kern. A copy of the Agreement is attached to the motion. The motion further asserts that the amount financed was $40,080.86 with interest at the rate of 10.25%. The loan was secured by the purchased vehicle. Further, the motion contends that as of October 5, 2011, the amount of $31,360.59 was due and owing. The last payment received by Kern was in March 2009. Debtor has not filed a Statement of Intention. The motion further asserts that the debtor does not have insurance on the vehicle. He has valued the car at $22,000 on Schedule "A."

At the initial hearing on the motion on October 26, 2011, the debtor appeared and indicated that he opposed the motion. Therefore, the matter was continued for final hearing on November 29, 2011. On November 15, 2011, the debtor filed opposition to the motion. According to the opposition, Kern did not lend $40,080.86 to the debtor and his wife. The opposition further asserts that the Agreement appears to be a forgery; that a digital copy of the debtor's signature does not meet the best evidence rule; and that Kern must provide the original documents. It also asserts that Kern is not "the true holder of any enforceable instrument pertaining to Daniels [sic] vehicle and Daniel was concerned that multiple agencies could have the same claim as KFCU is making with a mere copy of an alleged agreement

that has no original signatures."

Lopez further asserts that Kern has been paid in full and has "illegally collected insurance proceeds on this alleged account." He says that Kern is not the real party in interest.

On November 18, 2011, Kern filed a reply to this opposition. Kern asserts correctly that it is the real party in interest. Federal Rule of Civil Procedure 17(a) requires that any action be prosecuted in the name of the real party in interest. In this case, Kern is the holder of an agreement for the payment of a loan by the debtor. The authenticity of the Agreement is supported by the declaration and the amended declaration of Surama Layman. There has never been a transfer to anyone other than Kern. Kern is the original lender and is the holder of the instrument. Kern is the real party in interest.

Kern also points out that even if it does not possess the original document, it would still be entitled to enforce the instrument under California Commercial Code § 3309.

Surama Layman states, in her amended declaration, that she discovered the original declaration was in error because her office does not hold the original Agreement. She further states that her office record keeping is a "paperless" system. The original documents are scanned into a computer and then discarded. Kern does not retain the original documents, but the paperless system allows Kern to print an accurate copy of the original scanned document. It is this accurate copy of the original scanned document that is attached to the motion.

Kern correctly points out in its reply that the original is not required because there is no genuine issue of authenticity.

Federal Rules of Evidence Rule 1003 states:

> "A duplicate is admissible to the same extent as an original unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

In this case, the debtor has not raised a genuine question as to the authenticity of the document. Instead, he has asserted without any foundation that the agreement appears to be a "forgery." Yet, until 2009, Lopez made payments to Kern. Lopez has the car. Further, Lopez's opposition to the motion is not supported by any evidence.

Bankruptcy Code § 362(g) provides that the party requesting relief from stay has the burden of proof on the issue of the debtor's equity in the property, and the party opposing the motion for relief from stay has the burden of proof on all other issues. Here, there is no argument about the equity in the vehicle. Lopez has failed to meet his burden of proof with respect to the other issues raised by the motion. In fact, Lopez has come forward with no evidence in support of his position. For the foregoing reasons, the motion for relief from stay will be granted by separate order, and the stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

DATED: 1/5/12

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court